## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND

| | |
|---|---|
| ELIZABETH GUEVARA and JOSE GUEVARA, | : : : |
| Plaintiffs, | : C.A. No. |
| V. | : : TRIAL BY JURY DEMANDED |
| CHUKWUEMEKA ONYEWU, M.D. and PROVIDENCE HOSPITAL, | : : : |
| Defendants. | : |

## COMPLAINT

### PARTIES

1.  Plaintiffs Elizabeth Guevara and Jose Guevara are residents of the State of Delaware residing at 49 Anderson Court, Bear, Delaware, 19701.

2.  Defendant Chukwuemeka Onyewu, M.D. is a licensed physician with his medical office located at 8720 Georgia Avenue, Suite 706, Silver Springs, MD 20910.

3.  Defendant Providence Hospital in Washington, D.C. is located at 1150 Varnum Street, N.E., Washington, D.C. 20017.

4.  Defendants are health care providers within the meaning of Chapter 68 of Title 18 of the Delaware Code.

### JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 based on diversity of citizenship.

6.  Venue is proper in this District pursuant to 28 U.S.C. Section 1391 in that one of parties resides within this District.

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF MARYLAND- GREENBELT (SOUTHERN) DIVISION

ELIZABETH GUEVARA and  
JOSE GUEVARA,

      Plaintiffs,               C.A. No.

V.                                     TRIAL BY JURY DEMANDED

CHUKWUEMEKA ONYEWU, M.D. and  
PROVIDENCE HOSPITAL,

      Defendants.

## COMPLAINT

### PARTIES

1. Plaintiffs Elizabeth Guevara and Jose Guevara are residents of the State of Delaware residing at 49 Anderson Court, Bear, Delaware, 19701.

2. Defendant Chukwuemeka Onyewu, M.D. is a licensed physician with his medical office located at 8720 Georgia Avenue, Suite 706, Silver Springs, MD 20910.

3. Defendant Providence Hospital in Washington, D.C. is located at 1150 Varnum Street, N.E., Washington, D.C. 20017.

4. Defendants are health care providers within the meaning of Chapter 68 of Title 18 of the Delaware Code.

### JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1332 based on diversity of citizenship.

6. Venue is proper in this District pursuant to 28 U.S.C. Section 1391 in that one of parties resides within this District.

7. At all times material hereto, the Defendants, by and through their partners, joint venturers, agents, servants, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or ostensible employees, were responsible for the health and safety of plaintiff Elizabeth Guevara, a patient of the Defendants.

## FACTUAL BACKGROUND

8. On June 27, 2007, plaintiff Elizabeth Guevara was admitted to Defendant Providence Hospital for the purposes of undergoing plastic surgery performed by Defendant Dr. Chukwuemeka Onyewu at Defendant Providence Hospital's facilities.

9. Plaintiff Elizabeth Guevara was admitted to Providence Hospital for the removal of skin lesions from her stomach/abdominal area, bilateral brachioplasty and liposuction of the thighs performed by Dr. Onyewu. Unbeknownst to plaintiff, Dr. Onyewu was not a board certified plastic surgeon.

10. At all relevant times herein, the Defendant Providence Hospital permitted and/or authorized the Defendant Onyewu to have privileges at its hospital facilities to perform plastic surgery, despite the fact that Defendant Onyewu was not board certified in plastic surgery.

11. As a result of the negligence and carelessness of Defendants, by and through their partners, joint venturers, agents, servants, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or ostensible employees, plaintiff Elizabeth Guevara suffered complications from the plastic surgery which required her to be admitted to the Intensive Care Unit at Providence Hospital.

12. Following her discharge from Providence Hospital by Dr. Onyewu, plaintiff Elizabeth Guevara continued experiencing extreme scarring, pain and discomfort from the surgery performed by Defendants on June 27, 2007.

## COUNT I

## NEGLIGENCE AGAINST DEFENDANTS

13. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 12.

14. The negligence, carelessness, and/or recklessness of Defendants Onyewu and Providence Hospital, by and through their partners, joint ventures, agents, servants, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or joint ostensible employees, includes the following:

(a) Failing to properly perform to the acceptedstandard of care the plastic surgery on the plaintiff Elizabeth Guevara on June 27, 2007;

(b) Failing to timely, properly and adequately supervise the care and treatment provided to Elizabeth Guevara during her surgery and hospitalization in June and July 2007;

(c) Failing to apply and prescribe adequate or appropriate methods, techniques or procedures in the care and treatment of Elizabeth Guevara during her surgery and hospitalization in June and July 2007;

(d) Failing to provide plaintiff Elizabeth Guevara with adequate medical care during her hospitalization in June and July 2007;

(e) Failing to comply with the accepted standard of care of similarly trained persons within the medical community;

(f) Failing to be properly trained to perform plastic surgery to the accepted medical standard of care;

(g) Was otherwise negligent.

15. As a direct and proximate result of the negligence and/or carelessness, of Defendants Dr. Onyewu and Providence Hospital by and through their partners, joint ventures, agents, servants, employees and/or ostensible partners, ostensible joint venturers, ostensible agents, ostensible servants and/or joint ostensible employees, plaintiff Elizabeth Guevara suffered severe personal injuries, extreme scarring, disfigurement, permanent injuries, and pain and suffering and mental/emotional anguish.

16. As a consequence of her injuries, Plaintiff Elizabeth Guevara has experienced in the past and will continue to experience in the future, considerable pain, suffering, discomfort, anxiety and anguish, both mental and physical in nature.

## COUNT II

## LOSS OF CONSORTIUM

17. This Count is brought by Plaintiff Jose Guevara, who is the husband of plaintiff Elizabeth Guevara. The allegations contained in paragraphs 1 through 16 are incorporated herein by reference.

18. As a direct and proximate result of the aforesaid wrongful conduct of Defendants and resulting injuries to his wife, Plaintiff Jose Guevara has suffered and will continue to suffer a loss of consortium and society of his wife and other damages to their marital relationship.

WHEREFORE, Plaintiffs demand judgment against Defendants, Chukwuemeka Onyewu, M.D. and Providence Hospital, jointly and severally, for:

    (a) past, present, and future pain and suffering;

    (b) compensation for permanent injuries, disfigurement and scarring;

    (c) past, present and future medical expenses including but not limited to doctor visits, diagnostic tests, surgical procedures and/or prescription medications;

(d)   past, present and future anxiety and mental anguish;

(e)   court costs;

(f)   pre and post judgment interest; and

(g)   any other relief which the Court deems just and equitable.


PHILLIPS, GOLDMAN & SPENCE, P.A.

_____
LISA C. MCLAUGHLIN, ESQUIRE (Maryland ID #6159)
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
Attorney for Plaintiffs

DATE: 6/25/09